EVERINGHAM & CO. V. LEE.

1. **Evidence : RELEVANCY.** In an action for the use of corn cribs, defendant claimed a right to use them under authority from W., who owned them before plaintiffs acquired any right thereto. *Held* that a letter from W. to plaintiffs' employe, written some days before the time when defendant claimed to have procured any right to the cribs, and authorizing such employe to take charge of all of his affairs, sell off all his property, and pay his debts, especially what he owed plaintiffs, was relevant to the issue.

2. **Instructions : NOT WARRANTED BY EVIDENCE.** Instructions based upon a theory of which there is no evidence are erroneous. And so, in this case, instructions as to the effect of plaintiffs' ratification of a compromise made by their agents, or of their acceptance of the proceeds of such compromise, should not have been given, where there was no evidence of any act which in law would constitute a ratification or acceptance.

*Appeal from Story District Court.*—HON. J. L. STEVENS, Judge.

FILED, OCTOBER 24, 1889.

ACTION at law to recover for the storage of corn. There was a judgment upon a verdict for defendant. Plaintiffs appeal.

*Brown & Miller*, for appellants.

*J. S. Frazier* and *Funson & Gifford*, for appellee.

BECK, J.—I.  The defendant in his answer denies generally all allegations of plaintiffs' petition, and as special defense pleads : (1) That the corn was stored in the cribs upon an agreement with one Williams, who was in the possession thereof, and that the contract was made and the corn put in the cribs before the plaintiffs had acquired any right to them. (2) That, plaintiffs having made a claim for the storage of the corn, defendant settled with plaintiffs

in full therefor. From this statement of the answer it appears that these issues were presented: (1) That plaintiffs acquired no right to the cribs, and defendant acquired the right thereto from Williams. (2) Defendant settled with plaintiffs for his claim arising out of the use of the cribs.

II. The plaintiffs offered to introduce in evidence a letter from Williams to one in their employ, authorizing him to take charge of all of his affairs, sell off all his property, and pay his debts, especially what he owed plaintiffs. Plaintiffs' employe, acting under authority of plaintiffs, took charge of Williams' property. This letter was written nineteen days before the time alleged in the answer at which defendant acquired the right to the cribs from Williams. This letter, and other evidence pertaining thereto, sought to be elicited by the plaintiffs' question, was excluded. We think it should have been admitted. Both parties claim the cribs, or the right to the possession thereof, under Williams. It is clear that the evidence was pertinent to the issue, and disclosed facts which would have aided the jury in determining it.

III. The court, upon the issue involving the settlement pleaded, gave the jury the following instructions: "(4) If the plaintiff authorized its attorneys or attorney to collect, settle, compromise or adjust its claim against defendant, according to their own judgment, or if plaintiff's attorneys, without such authority, went ahead and settled said claim, or adjusted and compromised the same, and plaintiff accepted such compromise and settlement; or if plaintiff, by virtue of such settlement, received any money or property, and appropriated it to its own use,—then plaintiff is bound by every act and promise which his attorneys made in procuring such compromise and settlement, as much as if plaintiff itself had made such promise or performed the act." The authority of the plaintiffs' attorneys to make the settlement is a question in dispute. The parties do not agree as to the facts disclosed by the record on this

2. INSTRUCTIONS: not warranted by evidence.

point. There are conflicting abstracts relating thereto. We find it unnecessary to resort to the record to determine the dispute, as, for errors in the instruction which we shall now proceed to point out, the judgment must be reversed.

1V. We fail to find a word of evidence in all the abstracts tending to show that plaintiffs accepted the alleged compromise and settlement, or did any act which in law would be regarded as a ratification of the unauthorized act of the attorneys in making the alleged settlement. For this reason we think the instruction is erroneous.

Other questions need not be considered. The disputes as to the state of the record will cut no figure hereafter in the progress of the case. Upon another trial the evidence will be so preserved that there can be no question about it. For the errors pointed out the judgment of the district court must be

REVERSED.